RECEIVED

OCT 21 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

RAYMOND PAYTON (#107479)          DOCKET NO. 14-CV-959; SEC. P

VERSUS                           JUDGE DRELL

CEO, CORRECTIONS CORPORATION      MAGISTRATE JUDGE KIRK
OF AMERICA

## REPORT AND RECOMMENDATION

Pro se Plaintiff Raymond Payton filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 7, 2014. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), and he is incarcerated at the Winn Correctional Center ("WNC") in Winnfield, Louisiana. Plaintiff complains that his constitutional rights have been violated with regard to his medical care.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Factual Allegations

Plaintiff complains that, on unspecified dates and times, while housed at Elayn Hunt Correctional Center ("Hunt"), certain treatments and/or procedures were recommended for his left eye, right knee, and dental problems. He alleges that he was informed that he would be receiving treatment at his next facility. However, once he was transferred to Winn Correctional Center, a facility managed by Corrections Corporation of America ("CCA"), his

conditions remained untreated.  He concludes that his lack of adequate medical care is a result of under-staffing.

In his amended complaint, Petitioner states that he has a cataract in his left eye, which needs to be removed, and that his left eye is dry.  He states that he has been waiting one month to see an ophthalmologist.

Plaintiff also complains that WNC and CCA are violating their mission statement to be the best full service adult corrections system in the United States and to provide a meaningful public service by operating the highest quality adult corrections system in the United States.

### *Law and Analysis*

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The pleading standard that Rule 8 announces does not require "detailed factual allegations," but demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009)(citations omitted).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Because, in his initial petition, Plaintiff did not provide any facts as to how, when, and by whom his constitutional rights were allegedly violated, he was ordered to amend his complaint to

2

provide the name of each person who allegedly deprived him of medical care and the place and date(s) that each violation occurred, as well as a description of the alleged injury sustained as a result of each alleged violation. Petitioner filed an amended complaint, but he failed to provide the requested information. He only alleged that he has waited six months to see an ophthalmologist about his dry eye and cataract.

**1.   Medical Care**

Medical care claims, when asserted by convicted prisoners like Plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the defendant prison officials knew of and then disregarded an excessive risk to the plaintiff's health and safety. See Farmer v. Brennan, 511 U.S. 825, 837 (1994); Estelle v. Gamble, 429 U.S. 97 (1976). In other words, the plaintiff must show "deliberate indifference" on the part of the defendants. Wilson v. Seiter, 501 U.S. 294 (1991). "Deliberate indifference" in this context means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm to occur. Thompson v. Upshur County, Texas, 245 F.3d at 458-59. Such deliberate indifference has been equated with "subjective recklessness as used in the criminal

3

law." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994); <u>Reeves v.</u>
<u>Collins</u>, 27 F.3d 174 (5th Cir. 1994).

Plaintiff names only the CEO of CCA as the sole defendant.
However, because vicarious liability is inapplicable to §1983
suits, a plaintiff must plead that each Government-official
defendant, through the official's own individual actions, has
violated the Constitution. <u>See Ashcroft v. Iqbal</u>, 556 U.S. 662,
676 (2009). Plaintiff has provided no allegations of personal
involvement by the CEO. There are no claims that the CEO
personally "refused to treat him, ignored his complaints,
intentionally treated him incorrectly, or engaged in any similar
conduct." <u>Domino v. Tex. Dep't of Criminal Justice</u>, 239 F.3d 752,
756 (5th Cir. 2001)(internal quotation marks and citation omitted).

Likewise, to the extent that he seeks to hold CCA liable, a
private corporation is not vicariously liable under §1983 for its
employees' deprivations of others' civil rights. <u>Rosborough v.</u>
<u>Mgmt. & Training Corp.</u>, 350 F.3d 459, 461 (5th Cir. 2003).
Plaintiff has not presented allegations of involvement by CCA nor
does he identify an unconstitutional policy implemented by CCA that
causally resulted in any injury to Plaintiff. <u>See Mouille v. City</u>
<u>of Live Oak, Tex.</u>, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied,*
508 U.S. 951 (1993).

Finally, Petitioner has not alleged a physical injury as the
result of the alleged denial or delay in care. Moreover, to the

extent that a doctor at Hunt Correctional recommended cataract surgery, WNC does not have to follow that doctor's orders. Disagreement with diagnosis and treatment cannot support a claim of deliberate indifference. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

## 2.   Under-staffing

Plaintiff complains that his deficient medical care is due to under-staffing at WNC.  To state a claim of under-staffing, a plaintiff must plead that there was a policy at the prison, promulgated or implemented by the policy-making official, of deliberate indifference to the risk of under-staffing and that this policy caused his injury. Greason v. Kemp, 891 F.2d 829, 838 (11th Cir.1990); Westmoreland v. Brown, 883 F.Supp. 67, 76 (W.D.Va.1995). Evidence of under-staffing, without more, is not proof of official policy.  Hood v. Itawamba, 819 F.Supp. 556, 566 (N.D.Miss.1993); Gagne v. City of Galveston, 671 F.Supp. 1130, 1135 (S.D.Tex.1987), aff'd, 851 F.2d 359 (5th Cir.1988). Evidence of under-staffing would become proof of an official policy only if more complete funding and staffing were possible and it was the deliberate intent of the policy-making official not to adequately fund and staff the jail. Gagne, 671 F.Supp. at 1135. When under-staffing appears to have contributed to a violation of an inmate's Eighth Amendment rights, a causal link exists between that violation and the policy

5

if officials are aware of the staffing problem but fail to take corrective action.  Greason, 891 F.2d at 837 n. 18, and cases cited therein.

In this case, Plaintiff has not sufficiently alleged the violation of a constitutional right.  Moreover, Plaintiff has only presented a conclusory allegation of under-staffing.

**3.  Access to Courts**

In his initial complaint, Plaintiff complained that he was denied adequate access to the law library.  "It has long been recognized that prisoners generally enjoy the constitutional right of access to the court."  Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999); Bounds v. Smith, 430 U.S. 817 (1977).  The right of access to the court is not unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoners'] convictions or conditions of confinement."  Id. (citing Lewis v. Casey, 518 U.S. 343, 351 (1996).  Put another way, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court."  Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993); Lewis v. Casey, 518 U.S. at 351.

Further, in order for him to state a claim that he was denied his constitutional right of access to the courts, he must also

demonstrate that his position as a litigant was prejudiced by his denial of access to the court.  See Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996)(per curiam)(citing Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993)).  This requirement that a claimant show "actual injury" is "not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354.

In other words, Plaintiff, at the very least, must show that he was prevented from filing a non-frivolous pleading.  He was ordered to amend his complaint to state actual prejudice resulting from the defendant's alleged violation of his rights.  Plaintiff failed to provide any such information or allegations.

## 4.  Mission Statement

Plaintiff's complaint that the defendant is in violation of the mission statement of CCA is frivolous.  Even the violation of prison policy is not a constitutional violation.  See Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); Giovanni v. Lynn, 48 F.3d 908, 913 (5th Cir. 1995).

### Conclusion

Accepting all of Plaintiff's allegations as true, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(b) and §1915A, as it is frivolous and fails to state a claim for which relief can be granted against the CEO of CCA.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this _17th_ day of October, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE